NANCY TURNER, *libellant, vs.* JOHN TURNER.

JOHN TURNER, *libellant, vs.* NANCY TURNER.

Where, in cross libels between husband and wife for divorce *a vinculo* for adul-tery, each respondent pleaded in bar that the other party had committed the same crime; it was held that these pleas could not be received as admisssons of the facts alleged in the libels.

IN each of these cases, which were libels for divorce *a vinculo* for adultery, the respondent pleaded in bar that the libellant had

committed the crime of adultery with a person named in the plea, and with others to the respondent unknown; and relied on the provisions of *Stat.* 1821, *ch.* 71, *sec.* 4, which enacts that if it shall appear that both parties have been guilty of adultery, no divorce shall be decreed.

A question was hereupon raised, and shortly discussed, by *Williams*, for the husband, and *Sprague*, for the wife, whether the plea was such an admission of the facts charged in the libel, as rendered further proof by the libellant unnecessary.

And THE COURT, the next morning, said they were of opinion that it was not;—observing that whatever might be the effect of such pleading in other cases, yet in libels for divorce *a vinculo* for adultery, they would not receive the confession of the party, whether of record or otherwise, unaccompanied by other corroborating circumstances, as conclusive evidence of the facts charged in the libel: for this would put the contract into the power of the parties, and would encourage collusion between them to obtain divorce.